**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANDREW ABTS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-02768 JCH |
| ) | |
| MERCY HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Andrew Abts's ("Plaintiff"), Motion for Reconsideration of Partial Order of Dismissal.  Doc. [18].  Defendants Mercy Health and Mercy Hospital Jefferson ("Mercy" or collectively "Defendants") filed a memorandum in opposition to the motion.  Doc. [22].  Plaintiff has not filed a reply to their opposition, and the time to do so has passed, so the matter is fully briefed and ripe for disposition.  For the reasons set forth below, Plaintiff's motion will be denied.

**I.      Factual and Procedural Background**

Plaintiff filed this employment discrimination and wrongful termination lawsuit on October 11, 2019.  Plaintiff was a full-time employee of Mercy Hospital Jefferson from 2004 until his termination on November 2, 2017.  In the spring of 2016, Plaintiff took an eight-week leave under the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), in order to care for his newborn child.  The hospital was understaffed during Plaintiff's leave of absence, and Plaintiff alleged that his manager was unhappy with him for taking leave, and that he suffered various negative workplace consequences as a result.  In 2017, Plaintiff learned that his wife was once again pregnant.  Plaintiff informed his supervisor that his baby would be delivered by C-

section on September 29, 2017, and he intended to again exercise his FMLA rights to take an eight-week leave following the delivery.  On October 26, 2017, Mercy sent Plaintiff a notice that his leave would not be designated as FMLA leave, because he did not submit sufficient documentation within the established timeframe.  On November 2, 2017, Mercy terminated Plaintiff's employment.

In response to Plaintiff's three Count Complaint, Defendants filed a motion to dismiss Plaintiff's FMLA discrimination claim in Count II, as well as his common law wrongful discharge claim in Count III.  The Court granted Defendants' motion to dismiss Count III, finding that the claim failed as a matter of law because in 2017, the Missouri legislature, by amendment to Sections 213.070.2 and 285.575.3 of the Missouri Revised Statutes, explicitly abrogated such common law wrongful discharge claims.  Doc. [17].  Subsequent to the Court's order dismissing Count III, Defendant filed an answer to the Complaint, and Plaintiff filed the instant Motion for Reconsideration.

## II.     Parties' Arguments

In Plaintiff's Motion for Reconsideration, Plaintiff argues for the first time that his common law wrongful termination claim should not have been dismissed, because the Missouri statute abrogating such claims suffers from various constitutional infirmities.  Specifically, Plaintiff claims that Section 285.575.3 of the Missouri Revised Statutes violates his right to a trial by jury, as well as the Establishment and Equal Protection Clauses of the United States Constitution.  Plaintiff, in support of his assertion, directs the Court's attention to an ongoing Missouri state court case, *Christi Hashagen v. Mercy Hospital Springfield*, Case No. 1931-CC0474, which is currently pending before the Circuit Court of Greene County, Missouri.[1]

---

[1] Plaintiff did not attach as exhibits copies of any relevant materials concerning the state case on which he relies. Defendant, however, did attach as exhibits the unofficial copy of the *Hashagen* docket sheet, the briefing on cross-

Plaintiff asserts that in the *Hashagen* case, which also involved a common law wrongful termination claim, the defendant filed a motion for summary judgment in which it argued that the Missouri legislature had abrogated such common law claims, and the circuit court denied the motion.  Therefore, Plaintiff argues, the state circuit court "effectively determined that [the court] would not enforce these statutes so as to bar the plaintiff's common law claim for wrongful termination."  Doc. [18-1] at 2.  Plaintiff asserts that this "new ruling establishes that the statutes relied on by Defendants are not enforceable," and consequently, this Court must revisit its prior Order dismissing his claim.  *Id.*

Defendants argue that Plaintiff should not be allowed to raise entirely new arguments that he never made in his original briefing in opposition to Defendants' motion to dismiss. Defendants further assert that even were the Court to entertain the substance of Plaintiff's new legal theories, they fail on the merits.  Finally, Defendants note that the Missouri circuit court decision to which Plaintiff directs the Court's attention is not actually a decision of the court finding the statutory provisions at issue unconstitutional.  Rather, in that case, Ms. Hashagen moved for summary judgment, arguing that Section 285.575.3 was unconstitutional, and the state circuit court, upon cross-motions for summary judgment, summarily denied both motions in a one-sentence docket entry that did not discuss the merits of either motion.  Defendants assert that the circuit court's denial of the motions not only does not constitute binding or persuasive state precedent, as it did not issue from the highest state court or an intermediate court, but is not even a final decision on the merits by the circuit court in that ongoing case.  Because this Court is only bound by decisions of the highest state court when interpreting state law, Defendants argue that

---

motions for summary judgment filed by the plaintiff and defendant in the case, as well as the amended petition, all of which Defendants downloaded from Case.net, Missouri's online case management system.  Docs. [22-1-4].  The Court has reviewed the documents, and will take judicial notice of these public records.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007 (explaining that district court may take judicial notice of public state records).

3

the one-sentence docket entry is of no consequence to this Court's earlier decision to dismiss Count III.

## III. Legal Standard

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, "Rule 54(b) allows a district court to revise a decision that adjudicates, but does not enter final judgment on, fewer than all claims in an action with multiple claims." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015) (citing Fed. R. Civ. P. 54(b)). Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 1988). "Although the Court 'has the power to revisit prior decisions of its own . . . in any circumstance, it should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). *See also Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) ("[A] court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of fact or conclusions of law.") (quotation marks omitted).

Additionally, a motion to reconsider "cannot be used to identify facts or legal arguments which could have been, but were not, raised in the original motion." *Schnuck Markets, Inc. v. First Data Merchant Data Servs. Corp.*, No. 4:13-CV-2226-JAR, 2015 WL 4620048, at *2 (E.D. Mo. July 31, 2015); *see also Julianello*, 791 F.3d at 922 ("Motions for reconsideration cannot be used to introduce new evidence that could have been produced while the motion was pending.")

4

(quotation marks omitted). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Washington Univ.,* 385 F.Supp.2d 99, 101 (D.D.C. 2005) (citations omitted).

## IV.     Discussion

Plaintiff does not meet the standard for reconsideration of the Court's prior decision on Defendants' motion to dismiss Count III. Nothing prevented Plaintiff from raising an argument concerning the constitutionality of the statutory provisions at issue when he initially responded in opposition to the motion. Courts in this circuit have regularly declined invitations to "reconsider" orders to dismiss where the motion for reconsideration raises new arguments. *See, e.g., Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 n. 9 (8th Cir. 1988) (affirming denial of reconsideration of summary judgment where new arguments and evidence were presented in the reconsideration motion, but the moving party had ample opportunity to present those arguments prior to motion for reconsideration); *Brown v. First Health Grp. Corp.*, Case No. 4:07CV1852 SNLJ, 2009 WL 1940373, at *2 (E.D. Mo. July 7, 2009) ("A motion for reconsideration is not the proper method by which to bring new arguments. This Court was and is limited by the arguments asserted by the plaintiffs in their response to the . . . motion to dismiss") (citation omitted); *Bugg v. Boots*, Case No. 2:08-4277-CV-V-NKL, 2009 WL 1255450, at *1 (W.D. Mo. Apr. 30, 2009) ("[Plaintiff's] new and rehashed arguments . . . are not an appropriate basis for reconsideration [of a motion to dismiss]"). Additionally, Plaintiff presents no new facts or evidence that demonstrate a showing of manifest error in the Court's prior ruling.

Furthermore, while courts have held that a federal district court may grant a motion for reconsideration where a party shows that "a controlling or significant change in the law or facts

has occurred since the submission of the issue to the Court," Plaintiff has made no such showing here.  *Singh*, 383 F.Supp.2d at 101.  The one-sentence docket entry in *Hashagen* denying cross motions for summary judgment filed by the plaintiff and defendant in that case, which included no legal reasoning or analysis, does not constitute "a controlling or significant change in the law" since Defendants' motion to dismiss was submitted to the Court.  As Defendants correctly note, only a decision of Missouri's highest court is binding on this Court on matters of state law interpretation, and decisions of intermediate state courts are, at most, "persuasive authority." *Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010).  A docket entry in an ongoing case in the one of Missouri's circuit courts, which does not even publish opinions, does not suffice to demonstrate that there has been a significant change in the law in Missouri.  Plaintiff has not demonstrated that this Court's decision dismissing Count III of his Complaint was clearly erroneous or would work a manifest injustice, and his motion for reconsideration will be denied.

**V.     Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Partial Order of Dismissal, (Doc. [18]), is **DENIED**.

Dated this 25th day of June, 2020.

/s/Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE

6