UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW ABTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2768-JCH |
| | ) | |
| MERCY HEALTH AND MERCY HOSPITAL | ) | |
| JEFFERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' ("Mercy") motion for costs as the prevailing party in this suit.  Mercy filed a bill of costs requesting an award of $8,680.20 in costs. Doc. [64].  Plaintiff objects, arguing that granting costs would impose a financial hardship on him and his family.  Alternatively, Plaintiff argues some of the costs Mercy seeks are not recoverable under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d).  For the following reasons, Mercy's motion will be granted.

### I.    Legal Standard

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties.  *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).  The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987).  The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts.

28 U.S.C. § 1920(1)-(6).  The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts."  *Cowden v. BNSF Ry. Co.,* 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (*quoting Brisco–Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)).

It is presumed a prevailing party is entitled to costs.  *See* Rule 54(d), Fed. R. Civ. P.; *Bathke v. Casey's General Stores, Inc.,* 64 F.3d 340, 347 (8th Cir. 1995).  "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it in full measure."  *Concord Boat Corp. v. Brunswick Corp.,* 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted).  "The losing party bears the burden of making the showing that an award is inequitable under the circumstances."  *Id.* (internal citation and quotation omitted).

## II.    Discussion

Mercy has requested two categories of costs:  (1) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; and (2) fees for expert witnesses. In support of its bill of costs, Mercy filed an affidavit and documentation, which the Court has reviewed.  Plaintiff filed objections to the bill of costs.  Plaintiff argues the Court should deny Mercy's motion for costs in its entirety because "it would be inequitable under the circumstances to require Plaintiff to pay the costs."  (Doc. 65 at 3).  In the alternative to denying the bill of costs in its entirety, Plaintiff argues Mercy should not be allowed to recover the costs for expert witness fees, asserting that such costs are capped by 28 U.S.C. § 1821(b) to $40.00 for each day's attendance at a deposition.

### A.    Financial Hardship

Plaintiff argues the Court should deny Mercy's motion for costs because he "does not have significant assets" and "it would be inequitable under the circumstances to require Plaintiff

to pay the costs."   Doc. [65] at 3-4.  Plaintiff did not attach to his memorandum in opposition

any description of his current financial situation.

Despite the strong presumption that a prevailing party is entitled to costs, "the Court has

discretion to deny costs to the prevailing party, even in the absence of misconduct by that party."

*Bolderson v. City of Wentzville*, No. 4:13-cv-02223 (CEJ), 2016 WL 1449531, at *1 (E.D. Mo.

Apr. 13, 2016) (citing *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir.

1998); *Hibbs v. K–Mart Corp*., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary

nature of cost award under Rule 54(d) and 28 U.S.C. § 1920)).  "A losing party's indigency is a

factor the court should consider when determining whether to tax costs, and is a valid reason for

not awarding them."  *Id*. (citing *Lampkin v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003), *Poe

v. John Deere Co*., 695 F.2d 1103, 1108 (8th Cir. 1992)).  "The burden is on the losing party to

show that [ ]he is unable, as a practical matter and as a matter of equity, to pay the defendant's

costs."  *Id*. (quoting *Tuggles v. Leroy–Somer, Inc.,* 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004)

(citation omitted)).

Here, Plaintiff has not provided the Court with any information as to his financial status,

such as an affidavit attesting to indigency, a list of debts, bank account information, pay stubs

evidencing her income, or a financial statement.  Without documentation substantiating

Plaintiff's claim of financial hardship, he has not overcome the presumption that costs should be

taxed and the Court will not deny Mercy's motion for costs for the reason of financial hardship.

*See Beckley v. St. Luke's Episcopal-Presbyterian Hosps*., No. 4:17-cv-1369 RLW, 2019 WL

2437957, at *2 (E.D. Mo. June 11, 2019) (rejected plaintiff's financial hardship argument

because she "provided no evidence she will suffer severe financial hardship if the Court awards

costs" and "[w]ithout any evidence of Plaintiff's alleged financial troubles, the Court has no

basis to evaluate Plaintiff's ability to pay.").

### B.      Expert Costs

Mercy also seeks to recover the costs for Plaintiff's expert Ann Plunkett to appear for depositions in the amount of $1,950.00.  Plaintiff opposes this cost as non-taxable expert witness fees that Marcy may not recover under § 1920.  Plaintiff argues the taxation of non-court-appointed expert witness costs is limited to the statutory fee of $40.00 per day.

The Eighth Circuit has already addressed Plaintiff's argument and found that Federal Rule of Civil Procedure 26(b)(4) permits such an award:

> The district court awarded [Defendant] $975 for costs related to the deposition of expert witness Dr. Micklow.   [Plaintiff] claims the district court abused its discretion in granting this award because Dr. Micklow was not a "court appointed" expert as required by 28 U.S.C. § 1920(6).  Since Dr. Micklow was not appointed by the district court, we agree that § 1920(6) does not authorize the award of costs related to his deposition.  *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).   Nonetheless, Federal Rule of Civil Procedure 26(b)(4)(A) provides that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial," and Rule 26(b)(4)(E) instructs that the district court "must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery."  Read together, these rules allow for the recovery of witness fees related to the deposition of Dr. Micklow.  *Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000).

*Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).  Following *Stanley*, courts in this Circuit routinely award to prevailing parties their court-required expenses of deposing expert witnesses.  *See Cramer v. Equifax Info. Servs., LLC*, 2020 WL 887996, at *5 (E.D. Mo. Feb. 24, 2020).  Therefore, these costs will be taxed.

### III.    Conclusion

For the foregoing reasons, the Court will grant Mercy's motion for bill of costs in the amount of $8,680.20.

Accordingly,

**IT IS HEREBY ORDERED** that Mercy's motion for costs as the prevailing party in this suit is **GRANTED**.  Doc. [64]

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of Defendant, and against Andrew Abts in the amount of Eight Thousand Six Hundred Eighty Dollars and Twenty Cents ($8,680.20.).

Dated this 23rd day of November, 2021.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE